**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PETE APARICIO, | No. 13-17307 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00213-PHX-ROS |
| v. | |
| CAROLYN W. COLVIN, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted December 11, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,[**] Chief District Judge.

Plaintiff Pete Aparicio appeals the Social Security Administration's

determination that he is not disabled. Aparicio first appealed to the United States

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

District Court for the District of Arizona, which affirmed the agency's decision. We have jurisdiction under 28 U.S.C. § 1291, and review the ALJ's decision *de novo*. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). As the parties are familiar with the facts, we do not recount them here.

For the reasons that follow, we find that the ALJ erred in rejecting the opinions of Drs. Kelly and Geary, and in discrediting Aparicio's testimony; however, the ALJ did not err in finding that Aparicio failed to meet or equal the requirements of Listing § 1.04. Because additional development of the record would be useful in this case, we remand for further administrative proceedings.

1. "[T]he opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). An ALJ may not reject the opinion of a treating or examining physician that is uncontradicted without providing "clear and convincing reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). Where the opinion of a treating or examining physician is contradicted, the ALJ must still provide "specific and legitimate reasons that are supported by substantial evidence" in order to reject it. *Id.* at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.

2

2008)).  Moreover, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn*, 495 F.3d at 632.

Here, the ALJ rejected the opinion of Aparicio's treating physician, Dr. Kelly, and instead credited the opinion of Dr. Yaqoob, who examined Aparicio once.  Dr. Kelly submitted three evaluations from December 2010, May 2011, and July 2011, respectively.  The ALJ rejected these evaluations "because they are inconsistent in their assessments and give no basis for the divergence." Specifically, the ALJ noted that the statements gave differing opinions on the amount of weight Aparicio could lift and carry, and the number of hours he could sit and stand in a day.  We find that this is not a legitimate reason to discredit Dr. Kelly's evaluations.  Common sense dictates that a patient's condition would likely vary over a period of seven months; and indeed, the underlying records support this interpretation.  (describing Aparicio's pain level as 9/10 in December 2010), (describing Aparicio's pain level as 8/10 in May 2011).  Moreover, Dr. Yaqoob's *findings* were consistent with Dr. Kelly's—that Aparicio suffered from "multi-level disk disease from L1 to L5, congenital narrowing of the spinal canal and spinal stenosis" it is her *conclusions* that differed—in particular, her opinion on how long

3

Aparicio could sit and stand in a workday. Therefore, Dr. Yaqoob's opinion cannot be considered "substantial evidence" to support the ALJ's rejection of Dr. Kelly's opinion. *See Orn*, 495 F.3d at 632.

The ALJ further noted that "[a]ll of [Dr. Kelly's] statements also opined that the claimant could only use his bilateral hands occasionally, when there is no objective evidence that he would be so-limited." We agree; however, this is not a legitimate reason to reject Dr. Kelly's opinions on Aparicio's limitations in sitting and standing, which are supported by the underlying medical records.

The ALJ rejected the opinion of Dr. Geary, the state agency's examining psychologist—which was uncontradicted—because "Dr. Geary's statements are internally contradictory, at one point stating that the claimant's attention span was 'adequate' and that he was 'able to focus on topics at hand,' but later opining that the claimant would have moderate limitations in sustaining concentration, persistence or pace." The fact that Aparicio's attention span in a relatively short exam was "adequate" does not contradict Dr. Geary's opinion that he would have trouble sustaining concentration over the course of a workday. Accordingly, we find that the ALJ failed to present a clear and convincing reason supported by substantial evidence, and thus, erred in rejecting Dr. Geary's opinion.

2.  Aparicio's argument that he meets the requirement of Listing § 1.04

(Disorders of the Spine) is without merit.  He concedes that "any spinal cord or

nerve root involvement" is "perhaps not clear within the evidence"; however, he

claims that his MRI and other clinical findings contain "much of the evidence" to

show that he "medically equaled" the Listing.  Yet he presents no medical evidence

supporting his lay speculation.  Accordingly, we find that the ALJ did not err in his

finding that Aparicio fails to meet the requirements of Listing § 1.04.

3.  If a claimant presents "'objective medical evidence of an underlying

impairment which could reasonably be expected to produce the pain or other

symptoms alleged' . . . and there is no evidence of malingering, then the ALJ must

give 'specific, clear and convincing reasons' in order to reject the claimant's

testimony about the severity of the symptoms." *Molina v. Astrue*, 674 F.3d 1104,

1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

The ALJ gave a number of reasons for rejecting Aparicio's testimony, none of which

we find clear and convincing.

The ALJ first noted that Aparicio had poor compliance with his diabetes

regimen and failed to seek mental health treatment.  However, neither of these

assertions is probative of his level of back pain.  The ALJ then pointed to various

medical records, which he claimed were inconsistent with Aparicio's stated level of

pain. However, a doctor's "observations must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim*, 763 F.3d at 1162 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)). The ALJ focused on the fact that the pain specialist's notes from May 6, 2011 indicate that Aparicio "had achieved 'moderate stability' of his pain symptomology." Yet those very same treatment notes indicate that Aparicio's pain was an 8/10 and qualitatively rated as "severe." Moreover, the treatment notes overall consistently reflect severe back pain that significantly impaired Aparicio's functioning. Similarly, none of the doctors' observations cited by the ALJ—such as the fact that Aparicio could get on and off a table without discomfort at a doctor's visit contradict Aparicio's testimony that he had to change positions approximately every *30 minutes* due to his pain. Nor are Aparicio's described daily activities inconsistent with his claimed pain level: he testified he could do housework, "[b]ut I can never get it all done at one time, you know. I would have to stop and give it a rest and then continue." Accordingly, we find that the ALJ erred in discrediting Aparicio's testimony.

4. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per

6

curiam)). However, the Ninth Circuit has held that, in social security cases, where the ALJ improperly discredited either a claimant or a treating physician's testimony, that "it would be an abuse of discretion for a district court not to remand for an award of benefits when [certain] conditions are met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Specifically, the "credit-as-true" rule may be applied where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* It is an abuse of discretion to "remand[] for an award of benefits when not all factual issues have been resolved." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

In this case, there are issues that could benefit from further development of the record. First, if Dr. Kelly's opinions are credited, it is still unclear whether Aparcio would be unable to sustain employment based on the middle assessment of a range

7

of six to eight hours of sitting and standing. The vocational expert ("VE") only answered with regard to six hours total; she was not asked about the six to eight hour range. Thus, this is not a case where "if the improperly discredited evidence were credited as true, the ALJ would be *required* to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (emphasis added). There is an outstanding factual issue; namely, the total number of hours Aparicio can sit and stand in a day. If the ALJ determines that Aparicio can only sit and stand for six hours total per day, then he is disabled based on the VE's testimony. However, if it is somewhere between six and eight hours, then additional testimony from the VE is necessary to determine whether employment is precluded.

Furthermore, it is not clear from the record whether or not Aparicio could actually perform the work described by the VE while taking his narcotic pain medications. Although not mentioned by the ALJ, the treatment notes indicate that these medications could cause drowsiness and that Aparicio should not take them at work. This issue could also benefit from development on remand.

We **REVERSE and REMAND** for further administrative proceedings in accordance with this memorandum.

**REVERSED AND REMANDED**.